7 F.3d 238
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Paul GASKILL and Alan L. Hess, on behalf of themselves and
all others similarly situated, Plaintiffs,
v.
Earl D. GORDON, et al., Defendants,
Appeal of MUTUAL BENEFIT LIFE INSURANCE COMPANY IN REHABILITATION.
 No. 93-1016.
 United States Court of Appeals, Seventh Circuit.
 Submitted and Decided Sept. 28, 1993.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division, No. 88 C 3404; Ann Claire Williams, Judge.
 
 
 1
 N.D.Ill.
 
 
 2
 DISMISSED.
 
 Order
 
 3
 The appeal in this case seeks review of a stay of state-court proceedings issued on November 13, 1992. The district court dissolved the stay on August 26, 1993, and this action moots the parties' disagreement about the propriety of this relief. The appeal is accordingly dismissed.
 
 
 4
 The stay meant that Jeffrey Cagan, as receiver for the benefit of a class of investors, received rents from the Governor's House Apartments. Appellant Mutual Benefit Life Insurance Company contends that a dispute about who is entitled to the benefit of these monies keeps the case alive. But there was no bond, and an appeal from an interlocutory order is in any event the wrong time to adjudicate monetary claims arising out of that relief, see University of Texas v. Camenisch, 451 U.S. 390, 396-98 (1981). The district court's order of August 26 provides that Cagan is entitled to keep the rents for the benefit of the class. Whether that conclusion is correct may be reviewed on the appeal Mutual Benefit has filed from the August 26 order. Because there is no continuing stay, the parties' dispute about that remedy is moot. And because we have dismissed the appeal on this ground, we need not consider whether the appeal otherwise would have been within our jurisdiction.